MINUTE ORDER

CASE NUMBER: 1:25-cv-00194-SASP-KJM

CASE NAME: *Chandler v. Mitsuyama et al*

| JUDGE: | Shanlyn A.S. Park | DATE: | 12/24/2025 |

COURT ACTION: **EO: ORDER (1) TO SHOW CAUSE WHY FIRST AMENDED COMPLAINT [ECF No. 40] SHOULD NOT BE DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION; AND (2) DENYING JUDICIARY DEFENDANTS'** *MOTION TO DISMISS COMPLAINT, FILED ON MAY 8, 2025 [ECF No. 1]* **AS MOOT**

Before this Court is Defendants The Honorable Dyan K. Mitsuyama, The Honorable Kenneth J. Shimozono, The Honorable Bryant G.F.Y. Zane, The Honorable Jason R. Burks, and Amy Harada's (collectively "Judiciary Defendants") *Motion to Dismiss Complaint, Filed on May 8, 2025 [ECF No. 1]* ("Motion to Dismiss"). [ECF No. 35.] Pro se Plaintiff Brook Michael Chandler ("Chandler") filed his Response to the Motion to Dismiss on October 7, 2025. [ECF No. 36.] The Court finds these matter suitable for disposition without a hearing pursuant to LR7.1 of the Local Rules of Practice for the United States District Court for the District of Hawaiʻi ("Local Rules"). [*See* ECF No. 38.]

As a preliminary matter, on December 23, 2025, this Court issued an Order Denying Chandler's Motion for Temporary Restraining Order ("12/23/25 TRO Order"). [ECF No. 42.] Therein, this Court liberally construed Chandler's "Amended Claim – To Include Honolulu Police Department[,] Deputy Attorney General (Rachel Sok)[, and] Lori Okita[,]" filed on December 22, 2025, [ECF No. 41], as a first amended complaint ("FAC"), and thus, the operative pleading in this case, pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). [*See* ECF No. 42 at PageID.219.]

In reviewing the operative pleading, this Court *sua sponte* finds that the FAC fails to provide a basis for this court's subject matter jurisdiction. *See* N*aturo v. Slater*, 888 F.3d 418, 423 n.5 (9th Cir. 2018) (federal courts have a "duty to examine sua

sponte whether jurisdiction exists, regardless how the parties have framed their claims") (citing *Gonzales v. Thaler*, 565 U.S. 134, 141 (2012)).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The Court may dismiss a complaint sua sponte for lack of subject matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two ways: (1) federal question jurisdiction; or (2) diversity jurisdiction. For a federal court to exercise federal question jurisdiction, a civil action must arise under the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Alternatively, for a federal court to exercise diversity jurisdiction, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Ultimately, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Here, Chandler filed the FAC on December 22, 2025, naming Defendants Jon M. Nguyen, "Court Clerk[,]" The Honorable Bryant G.F.Y. Zane, and "State Prosecutor Rebecca Elizabeth Sock" as "parties" to the action (collectively "FAC Defendants").[1] Upon further review, it appears that the FAC includes two independent complaint documents, each purportedly stemming from different "UCC-1 Lien[s]" and "CUSIP" numbers: (1) UCC-1 Lien 2052133526/CUSIP 38142V7468 ("Lien 1"); and (2) UCC-1 Lien 20252133525/CUSIP 76902305

---

[1] The Court notes that the Judiciary Defendants and Defendants Chase Sekai, Nathan Bae, and Timothy Logan, appear to be named in the caption of the docket preceding the FAC [ECF No. 40 at PageID.137], but are not listed as parties in the pleading itself. [*See* ECF No. 40-1 at PageID.141.] Consequently, it remains unclear to the Court whether Chandler wishes to continue to pursue claims against all Defendants named in the initial Complaint. [*See* ECF No. 1.]

("Lien 2"), respectively. [*See* ECF No. 40-1 at PageID.142, 194.] The two complaints also appear to stem from different State court cases, each bearing a distinct case number: (1) 1DTC-25-037030; and (2) 1DTI-25-075079. [*Id.* at PageID.138, 190.] While the two complaints are largely identical otherwise, they also assert different amounts in controversy, each supported by a table entitled "ledger of damages": (1) $11,563,113,000.00; and (2) $23,926,046,00.00, respectively. [*Id.* at PageID.142, 152-54, 194, 204-06.] Despite the identified distinctions, the Court treats the FAC as one pleading for purposes of this Court's *sua sponte* assessment of subject matter jurisdiction.

The FAC provides that the subject action was brought pursuant to "42 USC § 1983, [and] 28 USC § 1343(a) (1-4); civil action for deprivation of rights under color of law against bad actors named herein[.]" [ECF No. 40-1 at PageID.138, 190.] Moreover, the FAC provides the following statements, with respect to the issue of jurisdiction:

1. This Court has jurisdiction to hear actions for 42 USC § 1983 civil action for deprivation of rights under color of law.
2. This Court has jurisdiction to hear actions for 42 USC § 1985 conspiracy to interfere with civil rights.
3. This Court has jurisdiction to hear actions for 42 USC § 1986 action for neglect to prevent.
4. This Court has jurisdiction to hear actions for 42 USC § 1988 for proceedings in vindication of civil rights.
5. This Court has jurisdiction to hear actions for 18 USC § 242 deprivation of rights under color of law.
6. This Court has jurisdiction pursuant to 28 USC § 1331 for Federal questions and 28 USC § 1343(a) (1-4) for civil rights and jurisdiction-State claims for redress.
    a. Recover damages for injury to his person and property;
    b. Recover damages from any person who failed to prevent or to aid in preventing the wrongs mentioned in 42 USC § 1985 for intimidation and threats;

      c. Redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution providing for equal rights of citizens or of all persons within[] the jurisdiction of the United States;

      d. To recover damages or to secure equitable or other relief under any Act of Congress providing the protection of civil rights.

[ECF No. 40-1 at PageID.139-40, 191-92.]

With respect to "claims" asserted, the FAC is largely unintelligible. [*See id.* PageID.138-60, 190-212.] To the extent discernable, Chandler appears to assert that the FAC Defendants "appear as the Debtor(s), Bailee(s), and the Trustee(s) who owe a setoff, discharge, recoupment, and closure of all accounts" in relation to Lien 1 and Lien 2. [*Id.* at PageID.142, 194.] The FAC alleges that FAC Defendants "appear to be continuing to act as incidental beneficiaries committing defalcation by willfully refusing to produce any certified accounting records or charging instruments." [*Id.*] The FAC goes on to reference a "criminal complaint" that Chandler allegedly filed "with the IRS Criminal Investigation Division, FTC, and SEC," for various crimes, including: "aggravated theft of his tax records in violation of 18 USC § 1028A, accounting fraud in violation of 26 USC §§ 7201-7205, fraud and false statements and concealment in violation of 26 USC § 7206, embezzlement in violation of 26 USC § 671-677, 18 USC § 153, tax evasion in violation of 18 USC § 7201, 26 USC § 108(I)(4)(B), and securities fraud in violation of SEC Rule 10b-5 18 USC §§ 472, 475." [*Id.* at PageID.143.] The FAC alleges, among other things, that Chandler "appears to have been kidnapped in rem by the named Defendants and extorted for money in violation of 18 USC § 912, 18 USC § 878, and 18 USC § 1201." [*Id.* at PageID.143, 195.] To the extent discernable, it appears that Chandler seeks "redress" for various crimes allegedly committed against him by FAC Defendants, in relation to Lien 1 and Lien 2, which may or may not be related to two State court actions. [*See id.* PageID.138-60, 190-212.]

With respect to federal question jurisdiction, Chandler offers only broad, largely unintelligible, and conclusory allegations concerning the legal theories underlying any of the "claims" asserted in the FAC. Aside from bald assertions of various

federal statutes, the FAC lacks any cognizable legal theory or factual matter to support the claims alleged, let alone this Court's authority over the action. Further, the FAC provides no dates or specificity relative to any of the FAC Defendants. Accordingly, it remains unclear to the Court what Chandler's claims are, and against whom; whether Chandler intends the claims to be civil or criminal in nature; or whether the claims are based on State law, federal law, or a mix of both. Chandler's conclusory statements about the existence of federal question jurisdiction, without any supporting facts, is insufficient to carry his burden of establishing that subject matter jurisdiction exists. Therefore, the Court cannot conclude that it has federal question jurisdiction over Chandler's claims.

Further, with respect to diversity jurisdiction, while Chandler alleges a combined amount in controversy that far exceeds $75,000, Chandler nonetheless offers no allegations concerning FAC Defendants' (or any other defendants) respective citizenships. Accordingly, the Court cannot conclude that it has diversity jurisdiction over Chandler's claims.

Based on the foregoing, the Court hereby ORDERS Chandler to SHOW CAUSE in writing **no later than January 14, 2026**, why the FAC should not be dismissed with prejudice for lack of subject matter jurisdiction. Failure to timely and satisfactorily respond to the Court's directive may result in dismissal of the FAC. Judiciary Defendants optional reply is due **on or before January 21, 2026**.[2]

Further, given the Court's liberal construal of the FAC as the operative pleading, the Court hereby DENIES Judiciary Defendants' Motion to Dismiss, [ECF No. 35], as MOOT. Judiciary Defendants are directed to withhold the filing of a subsequent motion to dismiss, pending this Court's determination of whether subject matter jurisdiction exists in this case.

IT IS SO ORDERED.

---

[2] The Court notes that as of December 23, 2025, Judiciary Defendants are the only defendants who have appeared in this action.